IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ROBERT JOSEPH CHENEY,            )
                                       )
            Petitioner,                )
                                       )  Civil No. 05-1826-TC
    v.                                 )
                                       )  ORDER
MICHAEL WASHINGTON, Chairman of        )
the Oregon Board of Parole and         )
Post Prison Supervision                )
                                       )
            Respondent.                )
_____)

Magistrate Judge Thomas M. Coffin filed Findings and Recommendation on June 12, 2007, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

1       - ORDER

Both petitioner and respondent have, after receiving extensions of time, filed objections. I have, therefore, given <u>de novo</u> review of Magistrate Judge Coffin's rulings.

Petitioner challenges his 1999 convictions for first degree sexual abuse. Petitioner contends he received inadequate assistance of counsel because his trial counsel: (1) failed to present tactically essential expert testimony; (2) failed to timely move for a mistrial during the prosecutor's rebuttal; (3) failed to bring a juror's inattention to the court's attention; and (4) failed to object to the suggestion through witness testimony that a non-testifying person indicated that petitioner should not be left alone with the victim and her brother.

Judge Coffin found, with respect to the claim regarding the failure to immediately move for a mistrial after the prosecutor impermissibly vouched for the complainant's credibility:

> the record demonstrates that the uncured misconduct provided the jury with a reservoir of impermissible considerations that likely affected the outcome of the trial; it was unreasonable for the post-conviction court to conclude otherwise. See <u>United States v. Smith</u>, 962 F.2d 923, 934 (9th Cir. 1992) (failure to object to prosecutorial vouching "so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict" and therefore constituted plain error). By concluding that defense counsel's failure to timely object did not have a reasonable possibility of affecting the trial outcome, the state post-conviction court employed an unreasonable application of the <u>Strickland</u> standard. Habeas corpus relief should be granted on the basis of ineffective assistance of counsel.

Findings and Recommendation dated June 12, 2007 (#28) at p. 12.

Respondent objects contending Judge Coffin failed to give appropriate deference to the state court conclusion that the trial

2     - ORDER

court and defense counsel appropriately responded to the prosecutor's inappropriate statements.

In federal habeas proceedings under the AEDPA, [1] great deference is given to state-court factual and legal determinations. To reverse under the AEDPA, the court would have to find the state court conclusion to be "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). Further, state-court factual findings must be "presumed to be correct," and the habeas petitioner "must rebut[] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Miller-El v. Drekte, 125 S. Ct. 2317, 2325 (2005).

The AEDPA similarly requires courts to give considerable deference to a state post-conviction court's legal judgments. In reviewing questions of law, federal courts may not reverse under the AEDPA unless the state's court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This inquiry is "straightforward." Lockyer v. Andrade, 538 U.S. 63, 74-75 (2003). We look to the Supreme Court's "holdings, as opposed to dicta," to

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1218 (1996) (amending 28 U.S.C. § 2254). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (quoting Williams v. Taylor, 529 U.S. 362, 403-04 (2000)).

determine whether clearly established federal law exists. <u>Williams</u> v. <u>Taylor</u>, 529 U.S. 362, 412 (2000). And, if clearly established federal law applies, it's not enough for the state court to incorrectly apply the law: "[A]n <u>unreasonable</u> application of federal law is different from an incorrect <u>application</u>." <u>Id.</u> at 409; <u>see also</u> <u>id.</u> at 411 ("[A] federal habeas court may not issue a writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

As noted above, Judge Coffin concluded that the state post-conviction court employed an unreasonable application of the <u>Strickland</u> standard. Petitioner contended before the state post-conviction court that trial counsel's objection to vouching in the prosecution's closing argument was untimely. The post conviction court concluded that:

> While the statements of the district attorney during closing argument, which the Court of Appeals characterized as "well beyond the bounds of proper argument," caused me concern, the Court of Appeals seemed to hold, as I find here, that the statements did not affect the outcome of the trial or deny petitioner a fair trial.

Petitioner's Ex. 22 (attached to volume 3 of exhibits to petition) (#4) at p. 5.

<u>Strickland</u> requires petitioner to show not only deficient performance on the part of counsel, but also that there is a reasonable probability that, but for such deficient performance,

4       - ORDER

the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

Petitioner's trial counsel, while not objecting immediately to the improper vouching, did object out of the presence of the jury. The trial court heard argument on the motion for a mistrial despite the late objection. The trial court agreed that the prosecutor's comments were improper, but determined that a curative instruction was sufficient. Although this court agrees with the magistrate that the curative instruction was lacking, the issue is whether the timing of the objection to the improper vouching was deficient and prejudicial.

As noted, the trial court did consider the objection and determined that the prosecutor's statements were improper. However, the trial court chose not to grant a mistrial and issued a curative instruction. The record does not demonstrate that a mistrial would have been granted had the objection been raised at the time of the improper statement or that the timing of the objection prevented the trial court from considering a mistrial. The trial court did not deny the motion for a mistrial based on the fact that the objection was late. The trial court had broad discretion to grant a mistrial or give a curative instruction. The issue raised by the petition is not whether the trial court committed a constitutional error by issuing a curative instruction that was lacking. Petitioner does not argue that trial counsel was deficient for failing to object to the curative instruction.

5       - ORDER

The record does not demonstrate that the state post-conviction court made an unreasonable application of the <u>Strickland</u> standard that but for the failure to timely object, the result of the trial would have been different. The timing of the objection did not prevent the trial court from considering the propriety of the prosecutor's statements or whether a mistrial was warranted.

If this case were not before the court on 28 U.S.C. § 2254 habeas review, the court's decision might be different. The state post-conviction court's interpretation might not be the best one. But in federal habeas proceedings under AEDPA, great deference is given to state-court factual and legal determinations. Accordingly, the court declines to adopt that portion of the Findings and Recommendation addressing the issue of ineffective assistance of counsel regarding the handling of the improper prosecutorial vouching. The Findings and Recommendation is adopted in all other respects.

## CONCLUSION

Except as noted above, I ADOPT Magistrate Judge Coffin's Findings and Recommendation filed June 12, 2007. However, because this court declines to adopt that portion of the Findings and Recommendation finding that petitioner's trial counsel provided ineffective assistance necessitating issuance of a writ,

petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is denied and this proceeding is dismissed.

IT IS SO ORDERED.

DATED this 13th day of Feb., 2008.

_____
UNITED STATES DISTRICT JUDGE